**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 14, 2021.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-52983-cag |
| | § | |
| ISAAC GRIEGO and | § | |
| REBECCA CISNEROS GRIEGO, | § | CHAPTER 13 |
|     Debtors. | § | |

### ORDER DENYING TRUSTEE'S MOTION TO DEEM PROMISSORY NOTE PAID IN FULL AND LIEN TO BE RELEASED (ECF NO. 92)

Came on for consideration the Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF No. 92) ("Motion") filed by Mary K. Viegelahn, Chapter 13 Trustee ("Trustee"). Ovation Services, LLC ("Ovation") filed its Objection to Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF No. 96) ("Objection"). The Court held a hearing on July 15, 2021, at which the Court granted the parties' oral requests to submit additional briefing. On August 17, 2021, Ovation submitted its Brief in Support of Ovation Services LLC's Objection to Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF No. 103) ("Ovation Brief"). On September 7, 2021, Trustee filed her Brief in Support of Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF

1

No. 104) ("Trustee Brief"). On September 28, 2021, Ovation filed its Reply Brief in Support of Ovation Services LLC's Objection to Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF No. 113). After the parties completed briefing, the Court took the Motion under advisement. For the reasons stated herein, the Court finds Trustee's Motion is DENIED.

As an initial matter, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is referred to this Court pursuant to the Standing Order of Reference in the United States District Court for the Western District of Texas. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), in which the bankruptcy court may enter final orders. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND AND FACTS

On December 18, 2018, Isaac Griego and Rebecca Cisneros Griego ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code (ECF No. 1). Pre-petition, Debtors executed a document titled Promissory Note ("Promissory Note") and Deed of Trust – Tax Lien ("Deed of Trust") with GFH Funding Limited[1] in exchange for payment of ad valorem taxes owed on Debtors' homestead. On February 12, 2019, FGMS Holdings, LLC c/o Ovation Services, LLC filed its proof of claim in the amount of $5,670.20 with documentation to show Ovation holds an oversecured claim on Debtors' homestead pursuant to the debt owed under the Promissory Note and Deed of Trust (Proof of Claim No. 5).

Debtors' chapter 13 plan was confirmed on May 1, 2019. (ECF Nos. 31, 36). Under Debtors' plan, Ovation's oversecured claim was to be paid in full over a sixty-month term with

---

[1] The exhibits attached to Ovation's proof of claim do not indicate when the tax liens were transferred from GFH Funding, Ltd. to Ovation or any other party. The parties, however, do not dispute that Ovation currently holds the Promissory Note and Deed of Trust.

2

monthly payments of $135.00. (ECF Nos. 31, 36). From June 2019 to May 2021, Ovation received monthly payments from Trustee through Debtors' plan. As of May 3, 2021, Debtors paid off their entire plan early, including payment of Ovation's claim in full. On May 11, 2021, Trustee filed the Motion.

In her Motion, Trustee requests the Court issue an order finding Ovation's claim in Debtors' bankruptcy case is paid in full, and that Ovation's Deed of Trust is paid in full. In addition, Trustee requests that Ovation be required to release its Deed of Trust. Ovation objected, arguing the Court should not order a release of lien without Ovation first being paid its reasonable and necessary post-petition attorneys' fees and costs pursuant to 11 U.S.C. § 506(b)[2]. Ovation contends it is improper for the Court to issue an order requiring it to release its Deed of Trust because its lien passes through bankruptcy, regardless of Debtors' completion of chapter 13 plan payments and potential discharge.

At the hearing on the Motion, Trustee raised an additional legal argument that Ovation must move for its fees and costs under Federal Rule of Bankruptcy Procedure 3002.1[3]. Trustee argued that Ovation cannot seek its fees outside of bankruptcy because doing so would violate Rule 3002.1. In response, Ovation contends that § 506(b) applies—not Rule 3002.1—because Ovation is an oversecured statuory lienholder with the ability to charge interest and attorney's fees under the Texas Tax Code and the Texas Finance Code. Moreover, Ovation argues that Trustee must file an adversary proceeding under Rule 7001(2) if she seeks to avoid Ovation's lien. Ovation argues it is not required to release its own Deed of Trust when there are outstanding attorney's fees and costs for which it is entitled under law and contract. Finally, Ovation asserts Debtors' discharge does not affect its lien because discharge applies only in personam, not in rem.

---

[2] Any section reference hereinafter shall be to 11 U.S.C. § __ *et seq* unless noted otherwise.
[3] Hereinafter, any reference to a "Rule" shall be describing one of the Federal Rules of Bankruptcy Procedure.

3

The Court allowed Ovation and Trustee to file additional briefing on whether Rule 3002.1 applies to Ovation's claim for outstanding attorney's fees and costs.

The Ovation Brief argues that Rule 3002.1 does not apply to Ovation's claim for two reasons. First, Ovation argued the payments Ovation received under the Debtors' plan are not "contractual installment payments" as contemplated by Rule 3002.1. Second, Ovation argued that it holds a statutory tax lien, not a "security interest in the debtor's principal residence." *See* Fed. R. Bankr. P. 3002.1 ("This rule applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence . . . ."). Ovation argues its statutory tax lien is not a "security interest" as defined by § 101(51) of the Bankruptcy Code, and thus the Ovation lien does not fall within the confines of Rule 3002.1. Ovation also renewed its objection that Trustee's Motion relates to a request for the Court's determination of the extent or validity of its lien that must be brought as an adversary proceeding under Rule 7001.

Trustee's Brief contends Rule 3002.1 applies, and that Ovation must follow the procedures detailed in Rule 3002.1 to recover its attorney's fees and costs. According to Trustee, Ovation is a holder of a security interest in Debtors' principal residence because Debtors executed the Promissory Note and Deed of Trust in exchange for Ovation's payment of ad valorem taxes owed to the county. Trustee further contends Debtors' plan provides Trustee would make contractual installment payments to Ovation. Therefore, Trustee contends Ovation is a holder of a claim "secured by a security interest in the debtor's principal residence" and "for which the plan provides that the trustee . . . will make contractual installment payments." Fed. R. Bankr. P. 3002.1. Trustee does not dispute that Ovation holds—at least in part— a statutory lien with subrogation rights under Texas law. Trustee, however, contends Ovation holds a "hybrid lien" that is "secured by both a statutory lien . . . and a security interest," thus Rule 3002.1 applies. (ECF No. 104, ¶ 20).

4

In addition, Trustee's Brief argues Debtors' confirmed Plan is "for all intents and purposes, a modification of creditor's contract with the debtor." (ECF No. 104, ¶ 28). Debtors completed all of their Plan payments, including paying Ovation's claim in full. Trustee contends, therefore, that Debtors are entitled to a release of Ovation's lien that was executed in connection with the Promissory Note and Deed of Trust. Trustee argues Rule 7001 does not apply because Trustee is not seeking a determination of the validity, priority, or extent of Ovation's lien. Rather, Trustee is "seeking to require Ovation to honor its contract with Debtors that it will release its lien in the event that [Debtors] pay the Promissory Note according to its terms." (ECF No. 104, ¶ 31).

## LEGAL ANALYSIS

On September 24, 2021, Chief Judge Ronald B. King of the United States Bankruptcy Court for the Western District of Texas issued an Opinion in the matter of Patricia Ann Reed. *In re Patricia Ann Reed*, Case No. 17-52875-RBK, ECF No. 135 (Bankr. W.D. Tex. Sept. 24, 2021). Chief Judge King's opinion in *Reed* analyzed whether Rule 3002.1 applies to the claim of an ad valorem tax lien transferee. (*Id.*). The facts and legal arguments advanced by the parties in *Reed* are similar to the facts and legal arguments present in this case.

In *Reed*, a creditor that was the transferee of an ad valorem tax lien against the debtor's homestead moved for payment of post-petition charges under § 506(b). The chapter 13 trustee objected, arguing creditor held a hybrid statutory tax lien and security interest on debtor's homestead because creditor "chose to require execution of a promissory note and deed of trust by the debtor using [her] principal place of residence as collateral for repayment of the note . . . ." (Case No. 17-52875-RBK, ECF No. 135). Trustee contended that—as a secured noteholder—creditor has a security interest in the debtor's principal residence under which trustee made contractual installment payments. (*Id.*). Therefore, Trustee argued that creditor was required to

5

request fees using the mechanism described in Rule 3002.1. (*Id*.). The Court in *Reed* held creditor's claim was secured by a statutory lien under Texas Tax Code, not by a separate and enforceable security interest. (*Id*.). As such, the *Reed* court found that Rule 3002.1 did not apply. (*Id*.). The *Reed* court awarded creditor's attorney fees and costs under § 506(b). (*Id*.).

Here, the Court shall adopt Chief Judge King's reasoning in *Reed*. In this case, Ovation holds an oversecured claim for ad valorem taxes on Debtors' homestead that arises by force of Texas Tax Code § 32.01. Like the creditor in *Reed*, Ovation holds a Promissory Note and Deed of Trust that addresses the terms of repayment of the amounts advanced to Debtors for the transferred ad valorem tax liens. The Deed of Trust entered into by and between Debtors and Ovation is "not a separate lien but merely preserve[s] and extend[s] the existing tax lien." (*Id*.). Accordingly, the Court concludes that Ovation's claim is secured by a statutory lien, *not* a "security interest" "for which the plan provides that either the trustee or debtor will make contractual installment payments." Fed. R. Bankr. P. 3002.1(a). The Court, therefore, finds that Rule 3002.1 does not apply to Ovation's claim in this case.

Ovation, as a tax lien transferee, is subrogated to all rights and remedies possessed by the taxing authorities who transferred the lien. "[A]ny statutory lien that is valid under state law remains valid through bankruptcy unless invalidated by some provision of the Code." *In re Simmons*, 765 F.2d 547, 556 (5th Cir. 1985). Trustee did not cite a Code provision that would support invalidating Ovation's otherwise valid lien. Moreover, Ovation has demonstrated it is a transferee of a tax lien that is "subrogated to and is entitled to exercise any right or remedy possessed by the transferring taxing unit." Tex. Tax. Code § 32.065(c). Under Texas law, "[t]ax lien transferees are permitted to charge interest, attorney's fees for collection, and attorney's fees if the property owner files for bankruptcy." *In re Reed*, Case No. 17-52875-RBK (citing Tex. Fin.

6

Code § 351.0021; Tex. Tax Code §§ 32.06, 32.065).

The Court has considered Trustee's contention that Ovation should release its lien because it has received full payment of the principal and interest of its claim in Debtors' bankruptcy. The Court concludes that Trustee cannot use a contested matter under Rule 9014 as a means for the Court to enter an order requiring Ovation to release its lien. A request for the Court's determination of the "validity, priority, or extent of a lien or other interest in property," and a "proceeding to obtain a declaratory judgment" as to the validity, priority, or extent of a lien, can be accomplished only through an adversary proceeding. Fed. R. Bankr. P. 7001(2), (9). Therefore, to the extent Trustee requests an order that Ovation's lien is paid in full and should be released, the Court finds that Trustee must file an adversary proceeding. As a final observation, the Court notes it would be a more efficient use of the parties' resources for Ovation to file a motion under § 506(b) which would give Trustee or any other party in interest the opportunity to object or otherwise respond.

## Conclusion

IT IS THEREFORE ORDERED that Trustee's Motion to Deem Promissory Note Paid in Full and Lien to Be Released (ECF No. 92) is DENIED.

# # #